IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: HERBERT LOCKINGS | : | CIVIL ACTION |
| | : | |
| | : | NO. 06-04837 |
| | : | |
| | : | |

<u>MEMORANDUM OPINION AND ORDER</u>

GOLDEN, J.                                                                                                                                     MARCH 7, 2008

        This is an appeal from a final Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania which denied the Debtor's motion to reopen his Chapter 13 bankruptcy case to enforce what he perceives to be a violation of the automatic stay which had previously occurred in the course of that case. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).

        This Court reviews the factual findings of the Bankruptcy Court under a clearly erroneous standard while the Bankruptcy Court's legal conclusions are subject to plenary review. <u>Meridian Bank v. Alten</u>, 958 F.2d 1226, 1229 (3d Cir. 1992).

        On October 4, 2004, a corporation of which the Debtor was the sole shareholder, H. Lockings Corporation ( the "Corporation"), filed a Chapter 11 bankruptcy petition. On April 4, 2005, the Debtor filed an individual Chapter 13 bankruptcy petition. Both the Debtor and the Corporation were represented by the same counsel.

        The Corporation and John Lockings were the title owners of real estate at 4942-44-46 Parkside Avenue, Philadelphia, Pa. 19104 (the "Property"). Both the Corporation and the Debtor entered into a loan agreement on July 19, 1990, with Fundex Capital Corporation ("Fundex") which was secured by a $400,000 mortgage on the Property. On May 21, 2003, Fundex commenced a

mortgage foreclosure action against the Corporation, John Lockings and the Debtor as guarantor in the Court of Common Pleas of Philadelphia County. A motion for summary judgment was granted in the Court of Common Pleas in favor of Fundex on October 7, 2003 in the amount of $173,088.38.

On October 22, 2004, Fundex filed a Motion for Relief from the Automatic Stay in the Corporation's Chapter 11 Bankruptcy case, seeking bankruptcy court permission to resume its foreclosure, and relist the property for sheriff's sale. By Order of November 29, 2004, the Bankruptcy Court granted Fundex relief from the stay, provided that no sheriff's sale could occur before February 1, 2005. Fundex filed a writ of execution on April 8, 2005 against the Corporation, the Debtor and John Lockings, as personal guarantors and the United States of America (due to federal tax liens) which recited a "SUBTOTAL" due of $267,185.23 which included interest, late charges and attorney fees. At no time did Fundex attempt to obtain relief from the automatic stay in the Debtor's Chapter 13 case.

The Property was sold at a sheriff's sale on June 7, 2005 to an affiliate of Fundex, Bridge Funding Properties for the amount of $306,700. A sheriff's Deed of the Property was issued to Bridge Funding Properties on November 28, 2005. The Deed names the Corporation and John Lockings as the sole owners of the Property. The Debtor's name does not appear any where in the Deed. The Property was later resold to Parkside Partners, L.P.

Meanwhile, the Debtor's Chapter 13 bankruptcy case was dismissed on December 8, 2005, pursuant to the unopposed motion of the Chapter 13 Trustee. The case was closed on February 28, 2006. It was not until six months later, on August 25, 2006, that the Debtor filed a <u>pro se</u> motion to reopen the Chapter 13 case for the purpose of setting aside the sale of the Property to Bridge Funding Properties, claiming the sale violated the automatic stay that had been in place in the Debtor's Chapter 13 case. The Debtor also sought damages. The motion to reopen was unopposed.

At a hearing on the motion to reopen, the Debtor was represented by an attorney. No party appeared to oppose the motion. By Order dated October 4, 2006, the Bankruptcy Judge summarily denied the motion to reopen. After the Debtor filed this appeal, the Bankruptcy Judge, issued an Opinion dated October 10, 2006, explaining the decision to deny the motion to reopen. Specifically, the Bankruptcy Judge stated:

> Debtor paints a broad brush in his argument, equating Corporation's interests with that of his own. A review of the pleadings attached to the Motion evidences no action against the Debtor. The writ was directed solely to the Owners. Debtor, while a defendant in the underlying mortgage foreclosure action, was not the object to the writ. Likewise, the foreclosure sale and conveyance of the property were not actions to obtain property of or from the estate. The deed poll evidences a conveyance of the property from Owners to Fundex. Neither Debtor nor his estate held any legal or equitable interest in the Property. 11 U.S.C. § 541.

Memorandum Opinion at 4. Supplemental Record at 6.[1]

On appeal, the Debtor, who is represented by counsel, argues that the Bankruptcy Court erred when it summarily concluded without conducting an evidentiary hearing that the Debtor lacked a cognizable interest in the Property and denied the Debtor's motion to reopen.

This Court agrees with the Bankruptcy Court that it was unnecessary for Fundex to have moved to lift the stay in the Debtor's personal bankruptcy proceeding since there is absolutely nothing in the Record which reveals the Debtor had any legal or equitable interest in the Property. The Deed clearly reveals that the owners of the Property were the Corporation and John Lockings, not the Debtor.

The fact that the Debtor was the sole shareholder in the Corporation does not convey the Debtor any interest in the Property.

---

[1] The Bankruptcy Court also noted that since the Debtor and the Corporation were represented by the same counsel in their respective bankruptcy petitions, it was "somewhat suspect" that the Debtor belatedly discovered a purported violation of the automatic stay in his bankruptcy proceeding. Memorandum Opinion at 3, n.3.

> [t]he fact that one person owns all the stock does not make him and the corporation one and the same person, nor does he thereby become the owner of all the property of the corporation. The shares of stock of a corporation are essentially distinct and different from the corporate property.

Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 348 (3d Cir. 2001) quoting Barium Steel Corp. v. Wiley, 379 Pa. 38, 108 A.2d 336, 341 (1954).

Nor does Debtor's status as a guarantor for the Corporation's mortgage to Fundex entitle him to have the Stay in his personal bankruptcy lifted before the Property could be sold.

In A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir.) cert denied, 479 U.S. 876 (1986), the Fourth Circuit Court of Appeals held that in "unusual circumstances" a court may pursuant to § 362[2] properly stay proceedings against non-bankrupt co-defendants of the bankrupt debtor. Such unusual circumstances might arise where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," id at 999, or where proceedings against non-debtor co-defendants would reduce or diminish "the property of the debtor to the detriment of the debtor's creditors as a whole." Id. at 1008.

The Fourth Circuit later ruled that the existence of a guarantor-principal relationship by itself is not a sufficiently "unusual circumstance" under Robins to justify application of the automatic stay to guarantors. Credit Alliance Corporation v. Williams, 851 F.2d 11, 121-122 (4th Cir. 1988). See also, In re McCoy, 1999 WL 1132308 (Bankr. E.D. Pa. 1999). While In re McCoy is an unpublished decision, the Court finds it instructive in that the decision was authored by the Debtor's own counsel who, citing cases, acknowledged the legal principle that the automatic stay of

---

[2] Section 362(a) operates as a stay of "enforcement against the debtor or against property of the estate, of a judgment obtained before the commencement of the case," 11 U.S.C. § 362(a)(2), or "any act to obtain possession of property of the estate or property from the estate, 11 U.S.C. § 362(a)(3).

proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors or others with a similar or factual nexus to the Debtor.

Finally, the Court notes that none of the cases cited by Debtor's counsel involve a situation where, as here, a Debtor is claiming the automatic stay in his personal bankruptcy was violated by the foreclosure sale in a separate corporate bankruptcy proceeding of an asset in which the Debtor had no legal or equitable interest.

For the foregoing reasons, the Order of the Bankruptcy Court is affirmed.[3]

---

[3] The delay in deciding this appeal was caused by the filing of documents on behalf of the Debtor by an individual who was not authorized to practice law. As a result, the Court had to conduct a hearing, at the conclusion of which it issued an Order striking numerous documents from the docket. New counsel also entered an appearance on behalf of the Debtor.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: HERBERT LOCKINGS | : | CIVIL ACTION |
| | : | |
| | : | NO. 06-04837 |

ORDER

AND NOW, this 7th day of March, 2008, it is hereby ORDERED that the Order of the Bankruptcy Court of September 26, 2006 is AFFIRMED.

It is further ORDERED that the CLERK is DIRECTED, as it was previously directed to by this Court's October 30, 2007 Order, to STRIKE from the docket the motion of the Debtor for permission to file appellate brief out of time [Doc. #12].

It is further ORDERED that the motion of Amin A. Rashid for the Court to Order Attorney Jack Bernard to show cause why he should not be sanctioned for perjury [Doc. #21] is DENIED.

It is further Ordered that the petition of Amin A. Rashid to intervene [Doc. #22] is DENIED.

It is further ORDERED that the Motion of Parkside Partners, LP. To Suppress Debtor's Reply Brief [Doc. #30] is DENIED.

The Clerk is DIRECTED to mark this case closed.

BY THE COURT:

/s/ THOMAS M. GOLDEN
THOMAS M. GOLDEN, J.